The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Is the county authorized to purchase insurance coverage in an amount exceeding the tort liability imposed by law?
The Political Subdivision Tort Claims Act, 51 O.S. 151 [51-151] et seq. (1979), is dispositive. 51 O.S. 153 [51-153] provides that each political subdivision be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment "subject to the limitations specified in this act." 51 O.S. 154 [51-154] provides in pertinent part:
"A. The liability of a political subdivision or an employee on claims within the scope of this act shall not exceed:
"1. Twenty-five Thousand Dollars ($25,000.00) to any claimant for any number of claims for damage to or destruction of property, including consequential damages arising out of a single accident or occurrence;
"2. Fifty Thousand Dollars ($50,000.00) to any claimant for all other claims arising out of a single accident or occurrence; or
"3. Three Hundred Thousand Dollars ($300,000.00) for any number of claims arising out of a single occurrence or accident.
"B. No award for damages on any claim against a political subdivision or employee shall include punitive or exemplary damages. The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort." 51 O.S. 169 [51-169] provides in pertinent part:
"A. The governing body of any county may:
"1. Insure the county against all or any part of any liability it may incur for death, injury or disability of any person or for damage to property, either real or personal;
"2. Insure any employee of the county against all or any part of his liability for injury or damage resulting from an act or omission in the scope of employment . . . ."
Tulsa Exposition and Fair Corp. v. Board of County Commissioners,468 P.2d 501, 507, 508 (Okl. 1970), held:
"Counties have only such authority as is granted by statute. Citing cases . . . The Board of County Commissioners in exercising corporate powers is limited to those fields expressly assigned to such subdivisions of the state by the legislature. Citing cases . . . Public officers possess only such authority as is conferred upon them by law and such authority must be exercised in the manner provided by law. Citing Cases. . ."
Counties and county officers are authorized to insure their county and its employees only against "all or any part of the liability it may incur." Insurance authorized to be "purchased, obtained or provided" may not exceed the liability imposed by law. That liability is statutorily limited.
It is, therefore, the official opinion of the Attorney General that political subdivisions are not authorized to purchase a policy of insurance reflecting coverage in an amount which exceeds the liability imposed by 51 O.S. 154 [51-154](A) (1979).
(JOHN PAUL JOHNSON) (ksg)